UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD BUSBY, on behalf of himself and all others similarly situated, | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| DAUTERIVE CONTRACTORS, INC. | |
| Defendant. | |

**FLSA COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

1. This is a collective action brought by Plaintiff Ronald Busby ("Plaintiff") on behalf of himself and all individuals who, since October 2011, previously worked or currently work for Defendant, Dauterive Contractors, Inc. as hourly laborers and were not properly paid overtime wages as mandated by the FLSA.

**JURISDICTION**

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, lost wages, front pay, compensatory damages, pre-judgment interest, and reasonable attorney's fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

**VENUE**

4. Venue is proper in the Western District of Louisiana under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Louisiana, and where the unlawful acts complained of occurred.

**PARTIES**

5. At all times material hereto, Plaintiff was, and continues to be a resident of Louisiana.

6. At all times material hereto Defendant was, and continues to be a Louisiana company. Further, at all times material hereto, Defendant was, and continues to be, engaged in business in Iberia Parish, Louisiana.

**PLAINTIFF AND FLSA COLLECTIVE ACTION PLAINTIFFS WERE SUBJECT TO THE FLSA**

7. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

8. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" of Defendant within the meaning of FLSA.

10. At all times material hereto, Defendant was the "employer" of the Plaintiff and the FLSA Collective Action Plaintiffs within the meaning of FLSA.

11. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs were directly essential to the business performed by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. All previous paragraphs are incorporated as though fully set forth herein.

15. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since October 2011, previously worked or currently work for Defendant as hourly laborers or crewmembers and were not properly paid overtime wages as mandated by the FLSA.

16. Plaintiff brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiff and all similarly situated employees of Defendant.

17. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Plaintiffs who have been affected by Defendant's improper policies and practices. Plaintiff estimates that potential members of the FLSA Collective Plaintiffs number in the dozens, if not the hundreds, based upon the number of current employees of Defendant, the number of work locations maintained by

Defendant, the Defendant's treatment of all of its employees in the same manner, and the turnover rate of Defendant's employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

18. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendant's timesheets, payroll records and other personnel records. Given the composition and size of the FLSA Collective Plaintiffs, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail.

19. This action is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent.

   (A) Plaintiff and similarly situated employees worked for Defendant as hourly employees performing jobs such as mechanics, drillers, drill pushers, vehicle operators and other laborer positions and, through Defendant's willful payment practices they were systemically and routinely denied overtime compensation for hours they worked in excess of 40 per week. Defendant's payment scheme has affected Plaintiff and similarly situated employees in the same fashion.

   (B) Plaintiff is personally aware that persons who worked as hourly laborers were subject to the same job scheduling policies, payment practices and operational procedures.

   (C) Although the number of hours worked by particular employees may differ, the payment scheme of paying employees no overtime compensation for hours worked in excess of 40 per week is common to all hourly employees who worked

for Defendant as laborers and the hours each employee worked should be readily determinable by review of Defendant's records.

(D) Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

20. In addition, because Defendant applied its unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

21. Plaintiff requests that the Court authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## STATEMENT OF FACTS

22. Defendant is in the business of providing seismic oil and gas testing and drilling services.

23. In March 2012, Plaintiff was hired by Defendant as a Drill Pusher to perform this and other services in connection with Defendant's oil and gas testing and drilling business. At that time, Plaintiff was classified as an "employee."

24. Plaintiff worked for Defendant until February 2013.

25. During his tenure with Defendant, it controlled when and where Plaintiff worked. Plaintiff had no ability to control his schedule, the place or time he would work or with

whom he would be working during the time he spent working for Defendant.  Defendant retained complete control over how, when and where he performed his job.

26. At the time he was hired, Plaintiff's rate of pay was $15.42 per hour.

27. During the entire time he worked for Defendant, Plaintiff routinely worked 80 or more hours per week.

28. However, Plaintiff was not paid one and one-half times his regular hourly rate for any hours he worked in excess of 40 per week.

29. Instead, Defendants paid Plaintiff a flat rate per day for up to 12 hours of work and then paid him his straight-time hourly rate for any hours worked in excess of 12 per day.

30. Thus, for example, if Plaintiff worked a 15-hour day, he would be paid $185 for the first 12 hours and then $15.42 for the last 3 hours.

31. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff are in the possession and custody and control of Defendant.

32. Defendant has violated Title 29 U.S.C. §207 from at least March 2012 and continuing through at least February 2013 in that:

    (A) Plaintiff worked in excess of 40 hours per week for the period of employment with Defendant;

    (B) No payments, or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of 40 hours per work week as provided by the FLSA; and

      (C) Defendant has failed to maintain proper time records as mandated by the FLSA.

33. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

34. Plaintiff re-alleges and re-avers paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. As a result of Defendant's payment scheme, Plaintiff and the FLSA Collective Action Plaintiffs worked in excess of 40 hours per week for Defendant, but Plaintiff and the FLSA Collective Action Plaintiffs were not compensated at the statutory rate of one and one-half times their regular rate of pay for these overtime hours.

36. Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of 40 hours.

37. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that it was not exempt.

38. At all times material hereto, Defendant failed to maintain proper time records as

mandated by the FLSA.

39. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

40. Defendant has failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

41. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost compensation for time worked over 40 hours per week, plus liquidated damages.

42. Plaintiff and the FLSA Collective Action Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

43. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the FLSA Collective Action Plaintiffs in the litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

44. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Action Plaintiffs, respectfully requests that judgment be entered in their favor against Defendant:

      a.      Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

      b.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs overtime compensation in the amount due them for their time worked in excess of 40 hours per workweek;

      c.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs liquidated damages in an amount equal to the overtime award;

      d.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

      e.      Awarding Plaintiff and the FLSA Collective Action Plaintiffs pre-judgment interest.

Respectfully submitted,

/s/ Jody Forester Jackson
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff
Ronald Busby and the FLSA Collective Action Plaintiffs

**PLAINTIFF WILL REQUEST WAIVER OF SERVICE**