## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Busby, et al                                    Civil Action No. 6:14-cv-03366

versus                                          Judge Rebecca F. Doherty

Dauterive Contractors, Inc.            Magistrate Judge Carol B. Whitehurst

## ORDER

Before the Court is Plaintiffs' Motion To Approve Disputed Revised Proposed Notice To FLSA Collective Class, *R. 28*, and Defendant's Motion To Approve Dauterive's Notice of Collective Action Lawsuit, *R. 30.*

By order dated February 3, 3006, the Court granted Plaintiffs' Motion To Conditionally Certify this FLSA collective action and ordered the parties to meet and confer about the notice form and either file an agreed notice form or a proposed form and opposed motion for approval. *R. 27.* Although the parties agreed on several modifications to the notice initially provided to the Court, they were unable to reach an agreement on two revisions requested by Defendant: (1) that the class be narrowed in scope to persons who were paid "a flat rate of pay for 12 hours of work" and (2) that the notice include a reference to possible discovery or trial obligations on the part of opt-in plaintiffs. The parties each filed a proposed notice for the Court's consideration. *R. 28-3, Exh. B; R. 30-1, Exh. A.*

In their motion for conditional certification, Plaintiffs requested that the following class be conditionally certified:

> All individuals who, since October 2011, previously worked or currently work for defendant, Dauterive Contractors, Inc. As Laborers and Equipment

operators, whose duties included, but were not limited to operating equipment on drilling and dynamite projects, such as those who worked as drillers, drill helpers, drill pushers, swamp buggy drivers, boat drivers, mechanics, and other manual labor associated with drill and/or dynamite projects, and who worked in excess of 40 hours per week, but due to Defendant's will scheme to not pay overtime to its employees, were not properly paid overtime for all hours worked in excess of 40 per week in violation of the FLSA.

*R. 21.*

Defendants contend that the class should be narrowed in scope to persons who were paid "a flat rate of pay for 12 hours of work." By limiting the class to those who were paid "a flat rate of pay for 12 hours of work," Defendant's proposed language excludes other employees who may fall within the definition of the actual class certified who may have worked 10 or 14 or any other number of hours for a flat rate, but were not paid overtime. The Court's determination at the notice juncture should be made using a "fairly lenient" standard. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1216 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). Defendant's proposed language in this regard will be denied.

Defendant also requests that the notice incorporate language informing potential plaintiffs that if they join the collective action, they may be required to participate in the discovery and/or trial process. Such language is unnecessary. Plaintiffs argue that because this is a collective action and is to be tried in a representative manner, the Court should deny Defendants' request. They further argue that including a warning about possible discovery will serve no purpose other than deterring potential plaintiffs from joining the suit based on

unfounded concerns about the hassle of discovery.

Courts may require a proposed notice form to state that opt-in plaintiffs may have to participate in discovery or sit for a deposition, absent a compelling showing that such an advisory would not be appropriate. *Graham v. Jet Specialty, Inc.*, 2016 WL 154846, at *7 (W.D.Tex., 2016); *Roberts v. S.B. S. Welding, LLC*, No. 3:14-CV-3617-B, 2015 WL 8773610, at *2 (N.D. Tex. Dec. 15, 2015). "[C]ourts have noted that such an advisory is routinely approved." *See, e.g., Garcia v. TWC Admin., LLC*, No. 14-CV-985, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015); *Mejia v. Brothers Petroleum, LLC*, 2014 WL 3530362, at *3 (E.D.La.,2014). The Court agrees that "discovery obligations may deter some plaintiffs from opting into the litigation, but that is precisely the point of these notices—to allow potential litigants to make an informed decision about whether they want to join the case." *Roberts v. S.B. Southern Welding, LLC*, 2015 WL 8773610, at *2 (N.D.Tex., 2015).

Thus, the Court approves the following language in IV. EFFECT OF JOINING THIS SUIT: "If you do join, you may be required to participate in the discovery and/or trial process."

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Approve Disputed Revised Proposed Notice To FLSA Collective Class, [Rec. Doc. 28] is Granted in Part and Denied in Part, and Defendant's Motion To Approve Dauterive's Notice of Collective Action Lawsuit, [Rec. Doc. 30] is Granted in Part and Denied in Part, and Plaintiff's Proposed Notice of Collective Action

Lawsuit and Opt–In Consent Form, *R. 28-3, Exh. B,* is approved as to form with the addition of the discovery language provided in the foregoing.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 11th day of April,  2016.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**